# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| In re SCANSOURCE, INC. DERIVATIVE LITIGATION<br><br>This Document Related To: All Actions | LEAD CASE NO. 6:06-3312-HFF<br><br>**MEMORANDUM IN SUPPORT OF JOINT MOTION FOR PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT** |

Plaintiffs and Defendants (the "Parties") submit this Memorandum in support of their Joint Motion for Preliminary Approval of the proposed Settlement in this Action. For the reasons that follow, the Court should enter an order in the form attached hereto preliminarily approving the Settlement, directing the issuance of notice and scheduling a fairness hearing to consider final approval of the Settlement.

## I.    INTRODUCTION

The Parties seek preliminary approval of the proposed settlement (the "Settlement") of the derivative claims brought on behalf of ScanSource against certain of its directors and officers for Defendants' alleged violations of §§10(b), 14(a) and 20(a) of the Securities Exchange Act of 1934 as well as alleged violations of state law, including breaches of fiduciary duties and unjust enrichment. This Settlement is the result of protracted and extensive negotiations between the parties over nearly two years. As set forth in the parties' Stipulation of Compromise and Settlement (the "Stipulation"),[1] certain of the defendants have re-priced stock options, have made substantial cash payments to the Company, and certain stock options have been outright

---

[1] The Stipulation is attached hereto as Exhibit "1." The defined capitalized terms therein are incorporated herein. To the extent that there may be any conflict between the terms, definitions, reservations, and conditions set forth herein and those set forth in the Stipulation, the terms, definitions, reservations, and conditions of the Stipulation shall govern.

- 2 -

canceled.  ScanSource's Board of Directors ("the Board") has agreed to implement, and has implemented during this litigation, substantial corporate governance measures designed to improve corporate governance and internal controls of the Company.  The Settlement has produced real and substantial benefits for ScanSource and its shareholders, and ScanSource's insurer has accordingly agreed to pay Plaintiffs' Counsel $1,300,000 in attorneys' fees and expenses in connection with the Settlement.  The Settlement constitutes an excellent resolution of a case of substantial complexity and is eminently fair, reasonable and adequate to ScanSource and its shareholders and should be approved by this Court.

## II.     BACKGROUND

The factual background and procedural history of the case, as well as the precise terms of the Settlement, are set forth at length in the Stipulation.

## III.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

The Parties jointly request that the Court: (i) grant preliminary approval of this Settlement; (ii) order that the Notice be disseminated to current ScanSource shareholders; and (iii) set a hearing date for final approval of the Settlement.

Shareholder derivative settlements must be "fair, adequate and reasonable" and must have been entered into without collusion between the parties.  *Maher v. Zapata Corp.*, 714 F.2d 436, 455 (5th Cir. 1983); *Zimmerman v. Bell*, 800 F.2d 386, 392 (4th Cir. 1986).  Settlements of shareholder derivative litigation are "particularly favored" and are not to be lightly rejected by the courts.  *Maher* at 455; *see also Zimmerman*, 800 F.2d at 392 (settlements in shareholders' derivative actions are "favored for the reasons that settlements generally are favored: disputes are resolved; the resources of litigants and courts are saved; and, in the case of a derivative action, management can return its attention and energy from the courtroom to the corporation itself").

- 3 -

It is important to note, however, that the Court is not required at this point to make a determination as to whether the Settlement should be finally approved. As stated in the *Manual for Complex Litigation, Third,* §23.14, at 171 (3d ed. 1995):

> First, the court reviews the proposal preliminarily to determine whether it is sufficient to warrant public notice and a hearing. If so, the final decision on approval is made after the hearing.

The Parties agree that both the Settlement and the fee and expense award were negotiated at arm's length in good faith, and reflect an agreement that was reached voluntarily after consultation with competent legal counsel. Among the factors favoring Settlement on the terms proposed in the Stipulation are:

A. the uncertainty of the legal issues underlying the allegations in the Action;

B. the economy of costs/exposure reduction for the benefit of the Parties;

C. the costs of continued litigation; and

D. the prevailing consideration in all compromises and settlements that the Parties weigh the advantages and benefits of settlement against the risks of loss.

Moreover, while the Defendants have denied, and continue to deny, the allegations in the Action, the Settlement, and the consideration therefore, are fair, reasonable, and adequate, considering:

A. the complexity, expense, and likely duration of the litigation with respect to the further participation of the Parties;

B. the state of the proceedings and the amount of discovery completed;

C. the immediate benefits to the Company; and

D. the concurrences of counsel for the Parties as reflected in this memorandum in support of preliminary approval of the settlement.

The Settlement, as proposed, is fair, reasonable, and adequate, especially in view of the uncertainties and vagaries of further litigation, the benefits obtained for the Company, and the

nature of the relief sought.  The proposed Settlement should be preliminarily approved because it appropriately balances the risks of litigation with the benefits of settlement and was not reached as a result of collusion between the parties.  *Maher*, 714 F.2d at 458-59.

## IV.     PROPOSED PLAN RELATING TO ADMINISTRATIVE MATTERS

In accordance with the provisions of the Stipulation and Proposed Order, the Parties propose the following plan:

> A.      Following the Court's determination that the Settlement is preliminarily approved, Notice to all ScanSource stockholders, in the form attached to the Motion for Preliminary Approval of Settlement as Exhibit 2, shall be disseminated in accordance with the terms contained in the Proposed Order, informing the ScanSource stockholders of their right to object to the terms of the proposed Settlement and to be heard on their objections in the Settlement Hearing to be conducted at a prescribed time and place and in a prescribed manner.
>
> B.      The Settlement Hearing shall be conducted in such manner as to assure full compliance with applicable considerations of due process of law and the provisions of the Federal Rules of Civil Procedure.

In order to assure that current ScanSource stockholders are fully informed of (a) the proposed Settlement, (b) their rights to review the proposed Settlement documents, (c) their right to object to the proposed Settlement, and (d) the means whereby they may make their objections and be heard thereon at the Settlement Hearing to be held by the Court at a designated time and place, the Court should approve the Notice and direct that it be disseminated to ScanSource stockholders in accordance with due process and the Federal Rules of Civil Procedure.  Nominal Defendant ScanSource shall be responsible for disseminating the Notice in accordance with the terms in the Stipulation and the Proposed Order.

To facilitate the proposed Settlement and in the interests of judicial economy, the Parties request that the commencement and/or prosecution of any and all related actions and proceedings (including discovery) by, on behalf of, or through any stockholders against any of the Defendants

(excluding, however, those proceedings within the Action necessary to obtain final approval of the Settlement embodied in the Stipulation), should be enjoined and stayed during the pendency of these Settlement proceedings and until further ordered by this Court.

As described in the Stipulation, the Parties agree that, in the event of termination of the Stipulation, the Parties to the Action shall revert to their status before the execution of the Stipulation on April 15, 2009, as if related orders and papers and the efforts leading to the Stipulation had not been entered, prepared, or taken.

The Parties further have agreed that the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all Parties submit to the jurisdiction of the Court for the sole purpose of implementing and enforcing the Settlement embodied in the Stipulation.  By submitting to the jurisdiction of the Court for the limited purpose of this Settlement, the Defendants do not waive, and shall not be deemed to have waived, any jurisdictional defenses that were otherwise available prior to the execution of the Stipulation.

## V. CONCLUSION

Given the substantial benefits the Settlement promises to ScanSource and its shareholders, the Parties respectfully request that the Court preliminarily approve the proposed Settlement, direct the issuance of Notice and schedule a fairness hearing to consider final approval of the Settlement and attorneys' fees and reimbursement of expenses to Plaintiffs' Counsel.

Respectfully submitted,

DATED:  April 15, 2009                         s/Charles W. Whetstone, Jr.
                                               Charles W. Whetstone, Jr.
                                               Cheryl F. Perkins

Tom Young, Jr.
WHETSTONE, MYERS, PERKINS &
  YOUNG, LLC
P.O. Box 8086
601 Devine Street (In the Vista)
Columbia, South Carolina  29202
Telephone: (803) 799-9400
Facsimile: (803) 799-2017

BARROWAY TOPAZ KESSLER MELTZER &
CHECK, LLP
Lee D. Rudy
Michael C. Wagner
280 King of Prussia Road
Radnor, PA  19087
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

*Co-Lead Counsel for Lead Plaintiff*

COUGHLIN STOIA GELLER RUDMAN &
ROBBINS LLP
Travis E. Downs III
Kathleen A. Herkenhoff
Benny C. Goodman III
Mary Lynne Calkins
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone:  (619) 231-1058
Facsimile:  (619) 231-1058

   -and-

John K. Grant
Shawn A. Williams
Monique C. Winkler
Aelish M. Baig
100 Pine Street, Suite 2600
San Francisco, CA 94111
Telephone:  (415) 288-4545
Facsimile:  (415) 288-4534

   -and-

Thomas G. Wilhelm
9601 Wilshire Blvd., Suite 510

- 6 -

         Los Angeles, CA 90210
         Telephone:  (310) 859-3100
         Facsimile:  (310) 278-2148

          -and-

         McCUTCHEN BLANTON JOHNSON
          & BARNETTE, LLP
         William E. Hopkins, Jr.
         1414 Lady Street
         Post Office Drawer 11209
         Columbia, SC 29211-1209
         Telephone:  (803) 799-9791
         Facsimile:  (803) 253-6084

         *Additional Counsel for Plaintiff Kinsel*


DATED:  April 15, 2009     <u>s/Henry L. Parr, Jr.</u>
         Henry L. Parr, Jr.
         Wallace K. Lightsey
         Gregory J. English
         David H. Koysza
         WYCHE, BURGESS FREEMAN &
          PARHAM, P.A.
         Post Office Box 728
         Greenville, South Carolina 29602-0728
         Telephone:  (864) 242-8200
         Facsimile:   (864) 235-8900

         *Of Counsel:*

         Mary C. Gill
         Kerry K. Vatzakas
         ALSTON & BIRD LLP
         One Atlantic Center
         1201 West Peachtree Street
         Atlanta, GA  30309-3424
         Telephone: (404) 881-7000
         Facsimile: (404) 881-7777

         *Counsel for Nominal Defendant ScanSource, Inc.*

DATED:  April 15, 2009     <u>s/Thomas W. Traxler</u>
         Thomas W. Traxler

CARTER, SMITH, MERRIAM,
  ROGERS & TRAXLER, P.A.
900 East North Street
P.O. Drawer 10828
Greenville, SC 29603

*Counsel for Defendants Steven H. Owings, Michael L. Baur, Steven R. Fischer, and James G. Foody*

*Of Counsel:*

Neil S. Lang
SUTHERLAND
1275 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2415
Telephone: (202) 383-0277
Facsimile:  (202) 637-3593

*Counsel for Steven H. Owings*

Michael K. Lowman
JENNER & BLOCK LLP
601 Thirteenth Street, N.W.
Washington, D.C. 20005-3823
Telephone: (202) 639-6018
Facsimile: (202) 661-4977

*Counsel for Steven R. Fischer and James G. Foody*

Theodore I. Sonde
PATTON BOGGS LLP
2550 M Street, NW
Washington, D.C. 20037
Telephone: (202) 457-6334
Facsimile: (202) 457-6315

*Counsel for Michael L. Baur*

DATED:  April 15, 2009        s/Beattie B. Ashmore
Beattie B. Ashmore
PRICE, ASHMORE & BEASLEY P.A.
644 East Washington Street
Greenville, SC 29601

*Of Counsel:*

                                    Michael F. Flanagan
                                    GIBSON, DUNN & CRUTCHER
                                    1050 Connecticut Avenue, N.W.
                                    Washington, DC 20036-5306
                                    Telephone: (202) 887-3599
                                    Facsimile: (202) 530-9549
                                    mflanagan@gibsondunn.com

                                    *Counsel for Jeffery A. Bryson*


DATED:  April 15, 2009                s/Mason A. Goldsmith
                                    Mason A. Goldsmith, Esq.
                                    LOVE, THORNTON, ARNOLD &
                                       THOMASON, P.A.
                                    P.O. Box 10045
                                    Greenville, SC  29603

                                    *Of Counsel:*

                                    Tony G. Powers
                                    ROGERS & HARDIN LLP
                                    2700 International Tower, Peachtree Center
                                    229 Peachtree Street, N.E.
                                    Atlanta, Georgia 30303-1601
                                    Telephone: (404) 522-4700
                                    Facsimile: (404) 230-0963

                                    *Counsel for John P. Reilly*


DATED:  April 15, 2009                s/Cheryl A. Lydon
                                    Cheryl A. Lydon, Esq.
                                    1529 Laurel Street
                                    Columbia, SC 29201
                                    (803) 753-1592

*Counsel for Robert S. McLain*